**09-60159**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

U. S. COURT OF APPEALS
F I L E D
MAR 1 4 2009
CHARLES R. FULBRUGE III
CLERK

| | | |
|---|---|---|
| ADAM GROSCH | | PLAINTIFF |
| VS. | | NO. 2:06CV204-P-A |
| TUNICA COUNTY, MISSISSIPPI, TUNICA COUNTY SHERIFF'S DEPUTY DORNAE MOSBY, AND HWCC-TUNICA, INC. | | DEFENDANTS |

### HWCC-TUNICA, INC.'S NOTICE OF APPEAL

Notice is hereby given that HWCC-Tunica, Inc., one of the defendants herein, by and through counsel, and pursuant to Rule 3 of the Federal Rules of Appellate Procedure, appeals to the United States Court of Appeals for the Fifth Circuit from the Order (Doc. 107) Denying HWCC-Tunica, Inc.'s Motion to Dismiss for Lack of Jurisdiction entered in favor of Plaintiff on July 2, 2008; the Final Judgment (Doc. 136) entered in favor of the plaintiff on October 21, 2008; and the Order (Doc. 144) denying HWCC-Tunica, Inc.'s renewed Motion for a Judgment as a Matter of Law or alternatively, Motion for New Trial, or alternatively, Motion for Remittitur. Copies of the Judgment and Orders are attached to this Notice of Appeal as Exhibits "A," "B," and "C."

Respectfully submitted,

HWCC-TUNICA, INC.

BY:   /s/ Terry D. Little   ✓
OF COUNSEL

WILTON V. BYARS, III, ESQ. - MS BAR #9335
TERRY D. LITTLE, ESQ. - MS BAR #99194
DANIEL COKER HORTON AND BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

Robert B. McDuff, Esq.
767 North Congress Street
Jackson, MS 39202

A. Randall Harris, Esq.
P.O. Box 2332
Madison, MS 39130

John S. Hill, Esq.
Mitchell, McNutt & Sams, P.A.
105 South Front Street
P.O. Box 7120
Tupelo, MS 38802

Alfred T. Tucker, III, Esq.
P.O. Box 68
Tunica, MS 38678

/s/ Terry D. Little

Case: 09-60159   Document: 1   Page: 3   Date Filed: 03/14/2009   Page 1 of 5
Case 2:06-cv-00204-WAP   Document 154-2   Filed 02/19/2009   Page 1 of 5
Case 2:06-cv-00204-WAP   Document 107   Filed 07/02/2008   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ADAM GROSCH,                                                 PLAINTIFF,

VS.                                                     CIVIL ACTION NO. 2:06CV204-P-A

TUNICA COUNTY, MISSISSIPPI;
TUNICA COUNTY DEPUTY SHERIFF
DORNAE MOSBY; HWCC-TUNICA, INC.;
AND HOLLYWOOD CASINO
CORPORATION,                                     DEFENDANTS.

## ORDER

This matter comes before the court upon Defendant HWCC-Tunica, Inc.'s motion to dismiss [101] the plaintiff's claims for trespass to chattels and conversion for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In its instant motion, Defendant HWCC-Tunica, Inc. ("Hollywood") seeks to dismiss the plaintiff's claims for trespass to chattels and conversion for lack of subject matter jurisdiction, arguing that such claims are within the exclusive jurisdiction of the Mississippi Gaming Commission pursuant to Miss. Code Ann. §§ 75-76-103 and 75-76-157(2).

"The difference between trespass to chattels and conversion is primarily one of degree. Trespass to chattels in modern tort law involves interference or damage that is of a less serious or substantial nature. Conversion claims involve substantial interference or damage. Otherwise the elements are the same. Conversion is by far the more important of the two torts." *Encyclopedia of Mississippi Law*, § 41:77. To prevail on a claim of trespass to chattels, a plaintiff must establish that

**EXHIBIT "A"**

there has been an unauthorized interference with his possession of personal property, or an unauthorized use of his personal property." *Awad v. United States*, 2001 WL 741638 (N.D.Miss. 2001). "If the interference is of such a substantial nature that the defendant can justly be compelled to pay the entire value of the chattel, the plaintiff's remedy is an action for conversion." *Encyclopedia of Mississippi Law*, § 41:78. "[T]here is a conversion only when there is an 'intent to exercise dominion or control over goods which is inconsistent with the true owner's right.' While intent is necessary, it need not be the intent of a wrongdoer." *Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 68 (Miss. 2004).

The Second Amended Complaint does not specifically delineate the plaintiff's case theory regarding his claims for trespass to chattels and conversion. The court surmises from the factual background and the briefs that the plaintiff alleges that the defendants exercised dominion and control over his property – *i.e.*, the money that is represented by the casino chips he undisputedly won – which were inconsistent with his ownership rights because the defendants would not cash in his chips unless and until the plaintiff handed over his drivers license to the casino. The plaintiff argues that the defendants had no right to require that he relinquish dominion and control of his ID to the casino for any purpose other than simply verifying his identity.

In the instant motion, the Hollywood Casino characterizes the dispute as one wherein the plaintiff looked to be under twenty-one years of age and that they simply wanted his ID to verify his age. The plaintiff argues that they already knew he was over twenty-one, since he had a player's card and would not have been allowed in the area where he gambled. Furthermore, the plaintiff alleges that he did not refuse to prove his age by showing his ID but rather refused to physically give it to the casino because he feared they would copy his ID and send it to other casinos as a warning that

2

the plaintiff was a card counter.

Hollywood's primary argument is that the claims of trespass to chattels and conversion should be dismissed because they are within the exclusive jurisdiction of the Mississippi Gaming Commission since they involve a "claim by a patron ... for payment of a gaming debt" pursuant to § 75-76-157(2) of the Mississippi Gaming Control Act. Hollywood cites *Grand Casino Tunica v. Shindler*, 772 So.2d 1036, 1038 (Miss. 2000) for the proposition that the Mississippi Gaming Commission has exclusive jurisdiction over "all gaming matters" and that the trespass to chattels and conversion claims are "gaming matters."

The court disagrees. Section 75-76-157(2) provides: "A claim by a patron of a licensee for payment of a gaming debt not evidenced by a credit instrument may be resolved by the executive director in accordance with Sections 75-76-159 through 75-76-165, inclusive." Though the statute uses the phrase "*may* be resolved by the executive director," the Mississippi Supreme Court has made it clear that claims involving gaming debts are within the exclusive province of the gaming commission. *Shindler*, 772 So.2d at 1038. While it is true that the Court stated in *Shindler* that "[t]he Mississippi Gaming Control Act codified the idea [*i.e.*, that claims based upon any form of gambling are void and unenforceable at common law in Mississippi] by making all gaming matters the exclusive jurisdiction of the Mississippi Gaming Commission," the Court cited § 75-76-157 for that proposition. Subsection (2) of that statute confines the exclusivity to "gaming debt[s]" not "all gaming matters." Thus, this court concludes that the "all gaming matters" language is dicta, especially since the Court concluded that *Shindler* did in fact involve a gaming debt. Even if "all gaming matters" were not construed as dicta, the phrase is defined by the statute cited at the end of the sentence, thereby converting the meaning of "all gaming matters" into "gaming debts."

3

The Mississippi Supreme Court has recently indicated that "all gaming matters" means "gaming debts" in relation to § 75-76-157. In *Ameristar Casino Vicksburg, Inc. v. Duckworth,* — So.2d —, 2008 WL 2447274 (Miss. June 19, 2008), the Court concluded that a dispute involving a raffle at a casino was not within the jurisdiction of the Mississippi Gaming Commission because the dispute did not involve a game of gambling or a "gaming debt" pursuant to § 75-76-157. After citing *Shindler*'s holding that "all gaming matters are the exclusive jurisdiction of the Mississippi Gaming Commission," the Court in *Duckworth* went on to say: "Therefore, we consider whether a particular dispute between a patron and a casino springs from 'a gaming debt.'" *Duckworth,* 2008 WL 2447274 at *1. The Court concluded that "[t]he provisions of the Gaming Control Act clearly limit the MGS's jurisdiction to disputes between patrons and casinos arising from gambling debts" and "the dispute between Duckworth and Ameristar is unrelated to a 'gambling debt.'" *Id.* at *2

If Hollywood were correct that the gaming commission enjoys exclusive jurisdiction over "all gaming matters" when defined expansively as "any dispute that would not exist but for participation in gambling," then, in theory, all of the plaintiff's remaining Mississippi-law causes of actions – *i.e.*, false arrest, false imprisonment, abuse of process, and malicious prosecution – would also be within the exclusive jurisdiction of the gaming commission. Section 75-76-157(2) by its plain language clearly does not indicate this. Rather, it confines its reach to claims involving payment of gaming debts.

The plaintiff in the instant case argues that his trespass to chattels and conversion claims are not claims for gaming debts since he is not asserting "[a] claim ... for payment of a gaming debt" per § 75-76-157(2) because he in fact received his money. Rather, the focus of his claims, he argues, is on the unlawful withholding of his undisputed winnings unless and until he turned over his other

4

Case: 09-60159   Document: 1   Page: 7   Date Filed: 03/14/2009
Case 2:06-cv-00204-WAP   Document 154-2   Filed 02/19/2009   Page 5 of 5
Case 2:06-cv-00204-WAP   Document 107   Filed 07/02/2008   Page 5 of 5

personal property – *i.e.*, his identification – to the control and dominion of the defendants. The plaintiff alleges that he never agreed to hand over his ID to the casino and they would not have received and copied it but for the actions of the Tunica County Sheriff's Department in taking his ID from him.

The court is persuaded that this understanding of the plaintiff's trespass to chattels and conversion claims takes them out of the realm of seeking payment for a gaming debt. Therefore, the gaming commission does not have exclusive jurisdiction over these claims pursuant to § 75-76-157(2).

Hollywood alternatively argues that the gaming commission enjoys exclusive jurisdiction over the plaintiff's trespass to chattels and conversion claims by virtue of the disciplinary action statute found in Miss. Code Ann. § 75-76-103. Although this statute provides that the "executive director shall make appropriate investigations ... to determine whether there has been any violation of this chapter or of any regulation adopted thereunder," Hollywood has cited no authority establishing that such investigations are the exclusive remedy for a patron who alleges the casino is guilty of wrongdoing unrelated to gaming debts. Accordingly, the court concludes that § 75-76-103 does not expressly stand for the proposition that claims involving casino non-gaming debt wrongdoing are within the exclusive jurisdiction of the gaming commission.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant HWCC-Tunica, Inc.'s motion to dismiss [101] the plaintiff's claims for trespass to chattels and conversion for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED**.

**SO ORDERED** this the 2nd day of July, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ADAM GROSCH,                 PLAINTIFF,

VS.               CIVIL ACTION NO. 2:06CV204-P-A

TUNICA COUNTY, MISSISSIPPI;
TUNICA COUNTY DEPUTY SHERIFF
DORNAE MOSBY; and HWCC-TUNICA,        DEFENDANTS.
INC.,

### FINAL JUDGMENT

These matters come before the Court after a trial by jury from September 2, 2008 to September 5, 2008 and an Agreed Order Resolving Claims as to Tunica County, Mississippi and Deputy Sheriff Dornae Mosby entered this day upon agreement of the plaintiff and Defendants Tunica County, Mississippi and Deputy Sheriff Dornae Mosby.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) In accordance with the Verdict Form, Plaintiff Adam Grosch is entitled to recover from Defendant HWCC-Tunica, Inc.:

(a) $100,000.00 in compensatory damages for violating the plaintiff's U.S. Constitution Fourth and Fourteenth Amendment right to be free from unreasonable searches and/or seizures;

(b) $2,778.67 in out-of-pocket expenses for the plaintiff's claims arising under State law for false arrest, false imprisonment, malicious prosecution, and abuse of process; and

(c) $925.00 in damages for the plaintiff's claims arising under State law for conversion and trespass to chattels;

(2) In accordance with the Special Verdict Form, Plaintiff Adam Grosch is entitled to recover

1

**EXHIBIT "B"**

Case: 09-60159   Document: 1   Page: 9   Date Filed: 03/14/2009   Page 2 of 2
Case 2:06-cv-00204-WAP   Document 154-3   Filed 02/19/2009   Page 2 of 2
Case 2:06-cv-00204-WAP   Document 136   Filed 10/21/2008   Page 2 of 2

from Defendant HWCC-Tunica, Inc. $600,550.000 in punitive damages for violating the plaintiff's U.S. Constitution Fourth and Fourteenth Amendment right to be free from unreasonable searches and/or seizures, and for the plaintiff's State-law claims of false imprisonment, false arrest, malicious prosecution, abuse of process, conversion, and trespass to chattels;

(3) Defendant HWCC-Tunica, Inc. is liable for the aforementioned sums, totaling $704,253.67, with interest thereon at the rate provided by law and for the plaintiff's costs of the action, and judgment is hereby entered accordingly;

(4) The issue of attorneys' fees is deferred pending post-trial proceedings, if any; and

(5) This case is **CLOSED**.

**SO ORDERED** this the 21st day of October, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

2

Case: 09-60159   Document: 1   Page: 10   Date Filed: 03/14/2009   Page 9 of 14
Case 2:06-cv-00204-WAP   Document 154-4   Filed 02/19/2009   Page 1 of 1
Case 2:06-cv-00204-WAP   Document 144   Filed 01/22/2009   Page 1 of 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ADAM GROSCH,                                              PLAINTIFF,

VS.                                          CIVIL ACTION NO. 2:06CV204-P-A

TUNICA COUNTY, MISSISSIPPI;
TUNICA COUNTY DEPUTY SHERIFF
DORNAE MOSBY; and HWCC-TUNICA, INC.;                     DEFENDANTS.

## ORDER

In accordance with a Memorandum Opinion issued this day, **IT IS ORDERED AND ADJUDGED** that HWCC-Tunica, Inc.'s renewed motion for a judgment as a matter of law, or alternatively, motion for new trial, or alternatively, motion for remittitur [139] are **DENIED**.

**SO ORDERED** this the 22nd day of January, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

**EXHIBIT "C"**

# U.S. District Court  09-60159
## Northern District of Mississippi (Delta Division)
### CIVIL DOCKET FOR CASE #: 2:06-cv-00204-WAP

| | |
|---|---|
| Grosch v. Tunica County, Mississippi et al | Date Filed: 12/8/2006 |
| Assigned to: W. Allen Pepper | Jury Demand: Plaintiff |
| Referred to: | Nature of Suit: 440 Civil Rights: Other |
| Demand: $0 | Jurisdiction: Federal Question |
| Lead Docket: None | |
| Related Cases: None | |
| Cases in other court: None | |
| Cause: 42:1983 Civil Rights Act | |

U. S. COURT OF APPEAL
FILED
MAR 14 2009
CHARLES R. FULBRUGE III
CLERK

**Plaintiff**
-----------------

**Adam Grosch**    represented by **Robert B. McDuff**
ROBERT B. MCDUFF, ATTORNEY
767 North Congress Street
Jackson, MS 39202
(601) 969-0802
Email: rbm@mcdufflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur Randall Harris**
A. RANDALL HARRIS, ATTORNEY
124 Whisper Ridge Drive
Madison, MS 39110
601-454-7242
Email: rharris51043@yahoo.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------

**Tunica County, Mississippi**    represented by **John Samuel Hill**
MITCHELL, MCNUTT & SAMS
P. O. Box 7120
Tupelo, MS 38802-7120

|  |  |
|---|---|
| **Tunica County Deputy Sheriff Dornae Mosby** | represented by **John Samuel Hill**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Hollywood Casino Corporation**<br>*TERMINATED: 1/8/2008* | represented by **Alfred Thomas Tucker, III**<br>TUCKER, SELDEN & SIMS<br>P.O. Box 68<br>Tunica, MS 38676<br>(662) 363-3622<br>Email: tst@tuckerselden.com<br>*ATTORNEY TO BE NOTICED* |

(601) 842-3871
Email: jhill@mitchellmcnutt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*cp*
**HWCC-Tunica, Inc.**

*TERMINATED: 1/8/2008*

*cp*
**HWCC-Tunica, Inc.**

*cp*
**HWCC-Tunica, Inc.**

| | |
|---|---|
| **HWCC-TUNICA, INC.**<br>A | represented by **Alfred Thomas Tucker, III**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Wilton V. Byars, III**<br>DANIEL, COKER, HORTON & BELL<br>P.O. Box 1396<br>Oxford, MS 38655<br>(662) 232-8979<br>Email: wbyars@danielcoker.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Terry Dwayne Little**<br>DANIEL, COKER, HORTON & BELL<br>- Oxford<br>P.O. Box 1396<br>Oxford, MS 38655<br>(662) 232-8979<br>Email: tlittle@danielcoker.com |

ATTORNEY TO BE NOTICED

cp
**Hollywood Casino-Tunica**

cp
**Penn National Gaming, Inc.**

cp
**HWCC-Golf Course Partners, Inc.**

| Filing Date | # | Docket Text |
|---|---|---|
| 12/8/2006 | 1 | COMPLAINT against Tunica County, Mississippi; Tunica County Deputy Sheriff Dornae Mosby; Hollywood Casino Corporation. Jury Demand; Filing fee $350, receipt number 84969, filed by Adam Grosch. (Attachments: # (1) Civil Cover Sheet)(rcm, USDC) (Entered: 12/8/2006) |
| 12/8/2006 | 2 | NOTICE OF ASSIGNMENT. Case assigned to Judge Allen Pepper and Magistrate Judge Allan Alexander. (rcm, USDC) (Entered: 12/8/2006) |
| 12/8/2006 | 3 | Summons Issued as to Tunica County, Mississippi, Tunica County Deputy Sheriff Dornae Mosby, Hollywood Casino Corporation. (rcm, USDC) (Entered: 12/8/2006) |
| 1/19/2007 | 4 | CLERK'S NOTICE of Incomplete Process on Defendants Tunica County, Mississippi; Tunica County Deputy Sheriff Dornae Mosby; and Hollywood Casino Corporation (kmt, USDC) (Entered: 1/19/2007) |
| 1/19/2007 | 5 | WAIVER OF SERVICE Returned Executed by Robert B. McDuff on behalf of Adam Grosch ; Tunica County, Mississippi waiver sent on 12/18/2006. (McDuff, Robert) (Entered: 1/19/2007) |
| 1/19/2007 | 6 | WAIVER OF SERVICE Returned Executed by Robert B. McDuff on behalf of Adam Grosch ; Tunica County Deputy Sheriff Dornae Mosby waiver sent on 12/18/2006. (McDuff, Robert) (Entered: 1/19/2007) |
| 2/7/2007 | 7 | ANSWER to Complaint *with Motion for More Definite Statement* by Tunica County, Mississippi, Tunica County Deputy Sheriff Dornae Mosby.(Hill, John) (Entered: 2/7/2007) |
| 2/8/2007 | 8 | Response to [7] Answer to Complaint *With Motion for More Definite Statement*. (McDuff, Robert) (Entered: 2/8/2007) |

http://coa.circ5.dcn/wfECFDocket.aspx

| Date | Doc # | Description |
|---|---|---|
| 2/13/2007 | 9 | NOTICE OF SERVICE of Initial Disclosures of Tunica Co., Miss. and Dornae Mosby by John Samuel Hill on behalf of Tunica County, Mississippi, Tunica County Deputy Sheriff Dornae Mosby to Robert B. McDuff, Alfred T. Tucker, III, A. Randall Harris. (Hill, John) (Entered: 2/13/2007) |
| 2/13/2007 | 10 | INITIAL ORDER - RULE 16.1 Case Management Conference set for 3/27/2007 11:00 AM in Judge Alexander Chambers before S. Allan Alexander.. Signed by Judge S. Allan Alexander on 2/13/07. (wsm, USDC) (Entered: 2/13/2007) |
| 2/16/2007 | 11 | ANSWER to Complaint by Hollywood Casino Corporation.(Tucker, Alfred) (Entered: 2/16/2007) |
| 2/16/2007 | 12 | CORPORATE STATEMENT. (Tucker, Alfred) (Entered: 2/16/2007) |
| 2/19/2007 | 13 | MOTION to Continue *Case Management Conference Because of Conflict* by Adam Grosch. (McDuff, Robert) (Entered: 2/19/2007) |
| 2/20/2007 | 14 | NOTICE of Conference: Case Management Conference set for 4/25/2007 10:00 AM in Judge Alexander Chambers before S. Allan Alexander. (wsm, USDC) (Entered: 2/20/2007) |
| 2/23/2007 | 15 15 | MOTION for Leave to File *First Amended Complaint* by Adam Grosch. (Attachments: # (1))(McDuff, Robert) (Entered: 2/23/2007) |
| 3/5/2007 | 16 | RESPONSE to Motion re [15] MOTION for Leave to File *First Amended Complaint* filed by Hollywood Casino Corporation. (Tucker, Alfred) (Entered: 3/5/2007) |
| 3/28/2007 | 17 | ORDER granting [15] Motion for Leave to File . Signed by Judge S. Allan Alexander on 3/28/07. (kbt, USDC) (Entered: 3/28/2007) |
| 3/28/2007 | 18 | AMENDED COMPLAINT *(First)* against HWCC-Tunica, Inc., Tunica County, Mississippi, Tunica County Deputy Sheriff Dornae Mosby, Hollywood Casino Corporation, Jury Demand, filed by Adam Grosch.(McDuff, Robert) (Entered: 3/28/2007) |
| 3/29/2007 | 19 | ANSWER to Amended Complaint by Tunica County, Mississippi, Tunica County Deputy Sheriff Dornae Mosby.(Hill, John) (Entered: 3/29/2007) |
| 4/6/2007 | 20 | ANSWER to Amended Complaint by HWCC-TUNICA, INC., Hollywood Casino Corporation.(Tucker, Alfred) (Entered: 4/6/2007) |
| 4/6/2007 | 21 | CORPORATE STATEMENT. (Tucker, Alfred) (Entered: 4/6/2007) |
| 4/17/2007 | 22 | NOTICE OF SERVICE of Defendants' Initial Disclosures by Alfred Thomas |